IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JUDITH LENZNER,**

    **Plaintiff,**

vs.                                              No. 1:17cv001048

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

    **Defendant.**

## NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby remove to this Court the state court action captioned *Judith Lenzner v. Allstate Fire and Casualty Insurance Company*, No. D-202-CV-2017-06451 presently pending in the Second Judicial District Court, County of Santa Fe, State of New Mexico (the "State Court Action"). Allstate files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in the State or Federal Court. Allstate bases this removal on the following grounds:

**I.    THE COMPLAINT AND STATUS OF THE PROCEEDINGS IN STATE COURT**

    1.    On September 11, 2017 Plaintiff filed the State Court Action.

    2.    Plaintiff served the Complaint of the Superintendent of Insurance who accepted service on Allstate's behalf on September 22, 2017. Thus, this Notice of Removal is timely as it is being filed within 30 days of service of the initial pleadings as required by 28 U.S.C. § 1446(b).

    3.    As required by 28 U.S.C. § 1446(a), Allstate attaches a copy of all process, pleadings, and orders served upon it, including summonses and petitions, as Exhibit 1.

    4.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Second Judicial District Court.

5. Pursuant to 28 U.S.C. § 111, the United States District Court for the District of New Mexico is the federal jurisdiction encompassing the Second Judicial District Court for Santa Fe County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

6. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Allstate has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## II.   BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Allstate, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Citizenship of the Parties Is Completely Diverse.

1. According to the Complaint, Plaintiff is a resident of Bernalillo County, New Mexico. (Compl. ¶ 1.)

2. Allstate is a foreign corporation with its principal place of business in Illinois. (Compl. ¶ 2.) *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities). Allstate is thus a citizen of the State of Illinois for diversity purposes. *See* 28 U.S.C. 1332 ( c )(1).

3. Therefore, the controversy between Plaintiff and Allstate is between citizens of different states.

### B. The Amount in Controversy Exceeds $75,000.

1. Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[I]n the absence of an explicit

demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*

2. In this Circuit, a removing defendant must prove by a preponderance of the evidence the facts establishing that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

3. Once a defendant has shown the facts establishing the amount in controversy, a case may be remanded "only if it is 'legally certain' that the recovery (from the plaintiff's perspective) . . . will be less than the jurisdictional floor." *Id.* at 955 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

4. Plaintiff's Complaint alleges that she was involved in an automobile accident with an unknown driver which caused her medical expenses of approximately $38,367.38. (Compl. ¶ 19.)

5. Plaintiff claims that her damages include not only the medical expenses but future medical expenses, past and future pain and suffering, loss of enjoyment of life and pre and post judgment interest, attorney's fees and costs. (Compl. ¶ 12.)

6. Plaintiff claims that her policy contains stackable Uninsured Motorist Coverage in the amount of $100,000. (Compl. ¶¶ 17-18.)

7. Plaintiff alleges that she offered to settle her claim for stackable UM policy limits. (Compl. ¶ 21).

8. Plaintiff's Complaint includes claims styled Bad Faith (Count I), New Mexico Unfair Claims Practices (Count II), Unfair Trade Practices (Count III), Negligence (Count IV), Negligence Per Se (Count V), and Breach of Contract (Count VI).

9. Plaintiff seeks damages including compensatory damages, incidental damages, consequential damages, reliance damages, treble damages, punitive damages, interest and attorneys' fees. (*See e.g.* Compl. ¶¶ 42, 43, 44, 52, 53, 54, 62, 63, 68, 83, 84, 85.)

10. Therefore, based on Plaintiffs' allegations, and without in any manner passing on the merits of Plaintiffs' claims, the Court can reasonably conclude that the amount in controversy, exclusive of interest and costs, exceeds $75,000 and is consequently satisfied for "original jurisdiction" under 28 U.S.C. § 1332(a).

11. Moreover, the calculation of the amount in controversy includes both compensatory and treble and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). Punitive damages are recoverable in New Mexico for bad faith. *See, e.g., Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244, 1246 (1989) ("[b]ad faith supports punitive damages upon a finding of entitlement to compensatory damages). Juries in New Mexico, this Circuit and elsewhere have awarded large punitive sums against insurance companies in cases involving, inter alia, bad faith. *See, e.g., Am. Nat'l Prop. & Cas. Co. v. Cleveland*, 2013 NMCA 013, 293 P.3d 954 (affirming award of $20,000 in additional compensatory damages for bad faith and $50,000 for punitive damages when $8,260.08 in contract damages claimed); *Capstick v. Allstate Ins. Co.*, 998 F.2d 810 (10th Cir. 1993) (jury awarded $2 million for alleged bad faith refusal to pay total-loss automobile insurance claim); *Burge v. Mid-Continent Casualty Co.*, No. 92-5973 (New Mexico Second Judicial District Court 11/23/98 jury verdict of $957,400 for breach of contract, unfair claim practices and insurance bad faith); *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1114-15 (Okla. 1991) (jury awarded $2 million in punitive damages for alleged bad faith refusal to pay an underinsured motorist coverage claim); *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073 (Ariz. 1987) (jury awarded $3.5 million in punitive damages for bad faith, where compensatory damages were $15,000), cert. denied, 484 U.S. 874 (1987); *Paiz v. State Farm Fire & Cas. Co.*, 118 N.M. 203, 880 P.2d 300 (1994) (jury awarded [although punitive damages award was ultimately reversed] over $800,000 against insurer and agent for insurer's denial of

payment for damage to a building destroyed by fire); *United Nuclear Corp. v. Allendale Mutual Insurance Co*., 103 N.M. 480, 709 P.2d 649 (1985) (jury awarded [although award was ultimately reversed] $25 million in punitive damages and $3 million in attorneys' fees against insurer); *Curtiss v. Aetna Life Ins. Co*., 90 N.M. 105, 560 P.2d 169 (Ct. App. 1976) (affirming $100,000 punitive damage award against insurer in individual bad faith action), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976). A review of jury awards such as these has been sufficient to establish the propriety of removal jurisdiction in individual diversity cases. *Marrujo v. Swift Transportation Co.,* CIV No. 98-1222 BB/DJS, mem. op. (D.N.M. Aug. 6, 1999) (denying remand of removed action based on defendant's analogy to jury verdicts in cases with similar alleged injuries); *see also Woodward v. Newcourt Commercial Finance Corp*., 60 F.Supp.2d 530, 532 (D.S.C. 1999) (Plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").

12. Likewise, the availability of attorneys' fees may also be considered in determining whether the amount in controversy is met. *Miera v. Dairyland Ins. Co*., 143 F.3d 1337 (10th Cir. 1998). Attorneys' fees are recoverable under certain circumstances under the New Mexico Insurance Code, a statute pursuant to which Plaintiffs are suing. *See Salazar v. GEICO Ins. Co*., 2010 U.S. Dist. LEXIS 52290 (D.N.M. April 27, 2010) (Judge Browning denying motion to remand uninsured motorist case); *Jamison v. State Farm Gen'l Ins. Co*., No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," citing In re Abbott Lab., 51 F.3d 524 (5th Cir. 1995)); *see also, Miera v. Dairyland Insurance Co*., No. 96-0136-M, Mem. Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorneys' fees under New Mexico Unfair Claim Practice Act and Unfair Trade Practice Act); *Travelers Indemnity Co. v. Sotheby's Holding, Inc*., Civ. No. 02-691 LFG/DJS Memorandum Opinion and Order Denying Plaintiffs' Motion for Remand, at 3

(D.N.M. Oct. 25, 2002) (finding jurisdictional amount established by claim for treble damages and attorneys' fees under Unfair Trade Practices Act).

13. Thus, there is obviously more than $75,000 in controversy in the present case. *See Jamison, supra; Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995) ("[I]n view of awards rendered in similar cases . . . [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than" the jurisdictional amount exclusive of costs).

14. Allstate has satisfied all other requirements for removal and reserves the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Allstate requests the opportunity to present a brief and argument in support of this removal

WHEREFORE, Defendant Allstate requests that this Court assume full jurisdiction over this case as provided by law.

Respectfully submitted this 19th day of October, 2017.

        MODRALL, SPERLING, ROEHL, HARRIS
         & SISK, P.A.

        By: */s/ Jennifer A. Noya*
         Jennifer A. Noya
         Sonya R. Burke
         Bank of America Centre
         500 Fourth Street NW, Suite 1000
         P.O. Box 2168
         Albuquerque, New Mexico 87103-2168
         Telephone: 505.848.1800

         *Attorneys for Allstate Fire and Casualty Insurance Company*

WE HEREBY CERTIFY that on this 19th day of October, 2017, we filed the foregoing electronically through the court's electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

>Matthew T. Tucker
>WHITENER LAW FIRM, P.A.
>4110 Cutler Avenue, NE
>Albuquerque, NM 87110
>505.242.3333
>
>*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:*/s/ Jennifer A. Noya*
    Jennifer A. Noya

W3069003.DOCX