# EXHIBIT 1

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JUDITH LENZNER,

      **Plaintiff,**

vs.                          **No. D-202-CV-2017-06451**

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

      **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of Plaintiff's First Set of Interrogatories and

Requests for Production Defendant Allstate Fire and Casualty Insurance Company were

attached to the Complaint for personal service upon the Defendant along with a copy of this

Certificate of Service. Defendant has forty-five (45) days from the date of service to answer and

respond to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant.

                            Respectfully submitted,

                            **WHITENER LAW FIRM, P.A.**

                            Electronically signed

                            Matthew T. Tucker, Esq.
                            4110 Cutler Avenue, N.E.
                            Albuquerque, New Mexico 87110
                            (505) 242-3333 / (505) 242-3322
                            matthewt@whitenerlawfirm.com
                            *Attorneys for Plaintiff*

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**JUDITH LENZNER,**

     **Plaintiff,**

v.                                                                            **No. D-202-CV-2017-06451**

**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY,**

     **Defendant.**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

TO:    Allstate Fire and Casualty Insurance Company
       c/o New Mexico Department of Insurance
       P.O. Box 1269
       Santa Fe, NM 87504

     COMES NOW Plaintiff Judith Lenzner, by and through her attorneys Whitener Law Firm,

P.A., and pursuant to Rule 1-034 NMRA, requests Defendant Allstate Fire and Casualty Insurance

Company (hereinafter "Allstate" or "you") to produce the documents and things requested in the

following Requests for Production within the time prescribed by law.

     **REQUEST FOR PRODUCTION NO. 1:** Please produce an un-redacted, true and correct

copy or any and all claim files relating or pertaining to the events described in Plaintiff's Complaint

or Plaintiff's claim, including but not limited to a copy of the file jacket (inside and out),

correspondence, photographs, recorded or transcribed statements, incident reports, witness

statements, investigative reports or summaries, claim logs, claim notes, and any other document or

tangible item relating to liability or damages in this matter.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**: All documents reflecting or relating to Defendants' valuation of Plaintiff Judith Lenzner's uninsured motorist (hereinafter "UM") claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**: All documents reflecting or relating to the change in Defendants' valuation of Plaintiff Judith Lenzner's UM claim, as expressed by Defendant on or about June 27, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**: Copies of any and all documents and things identified, described or referred to in your answers to Plaintiff's First Set of Interrogatories or Responses to Requests for Admissions, or relied upon in preparing any of your answers to Plaintiff's First Set of Interrogatories or Responses to Requests for Admissions to Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**: Copies of any and all records of investigation conducted by you or on your behalf into the incident and/or damages which forms the basis for this lawsuit.

**RESPONSE:**

2

**REQUEST FOR PRODUCTION NO 6:** Certified copies of policies of insurance by which Plaintiffs were insured with your company, including declaration pages and signed waivers, in force at the time of the incident which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Copies of any and all statements of any person, whether made by parties or nonparties, whether reduced to writing or not, whether signed or unsigned, drafts, transcriptions or contained in any investigator's notes, including tape recordings, videotapes, emails, faxes, computer records, or otherwise recorded, concerning the subject motor vehicle collision of February 3, 2016 (hereinafter "the subject incident"), or this Plaintiff's alleged injuries and/or damages. If you claim privilege as to any such statement, please identify the statement by date and name of person making the statement without disclosing the contents of the statement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8** Copies of any and all items that may be offered as Exhibits at the trial of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Copies of each and every expert witness' written report, notes, file, records, charts, diagrams, test results, photographs or correspondence of any kind from every expert witness intended or retained for testimony at trial or reviewed by said expert witness

3

with a complete resume of each expert witness' educational and employment background together with

a list of any articles or published works which such expert has authored.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 10**: Copies of any and all records obtained on your

behalf through the use of the Authorizations signed by this Plaintiff.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 11:** Please produce all written or otherwise recorded

reports of any expert (medical, vocational/rehabilitation, economist, accident reconstructionist,

engineer, or otherwise) retained or consulted by Defendant or its agents or attorneys to investigate

the accident, injuries or damages which form the basis of the Complaint herein and to which

Complaint you have filed an answer. (If you claim privilege as to any such report, please identify the

report by date and person making the report without disclosing its contents.)

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 12:** Produce all photographs of all non-documentary

items of evidence Defendant intends to introduce at trial on this matter.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 13:** Produce a copy of any and all records on

information you have obtained concerning the Plaintiffs, including but not limited to, any criminal,

driving, litigation or claims history.

4

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all photographs depicting property damage of all vehicles that was result of the incident which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Produce any and all property damage estimates of all vehicles involved in the incident which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all claims manuals, bulletins, memoranda, directives, letters and other forms of written communication, or video or audio materials that are provided to claims representatives or other persons employed by, retained by or paid by you that orient them to your procedures, policies or practices in regard to handling and settling underinsured motorist claims. Your response should include such documents described above as existed at the time Plaintiff's claim was made.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents, letters, memoranda, minutes of meetings, memos, notes, documents reflecting reserve settings and changes in reserve settings whether or not contained in computer or paper files in any way related to Plaintiffs' uninsured motorist claims at issue in this case.

5

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents, instruction manuals, memoranda, newsletters, etc. showing methods and criteria for setting reserves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents, instruction manuals, memoranda, newsletters, etc. showing methods and criteria for negotiating claims for less than reserves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Produce copies of all correspondence, documents, memoranda, minutes of meetings, memos or other information produced or received by Defendants that relate in any way to Plaintiff's UM claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Produce true and correct copies of all information relating to or generated by any software used by Defendants in valuing Plaintiff's UM claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Produce true and correct copies of all information inputted by any representative into any claims management software for valuation of

Plaintiff's UM claim.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 23:** Produce true and correct copies of all documents

reflecting premium payments on Policy Number 816 162 199.

    **RESPONSE:**

    **REQUEST FOR PRODUCTION NO. 24:** Produce true and correct copies of all documents

generated by any claims management software used by you in evaluating Plaintiff's UM claim.

    **RESPONSE:**

    **These requests shall be deemed to be ongoing in the event that the Defendant shall obtain additional documents presently requested between the time of Defendant's initial response and the trial of this matter.**

                        Respectfully submitted,

                        **WHITENER LAW FIRM, P.A.**

                        _____

                        Matthew T. Tucker, Esq.
                        4110 Cutler Avenue, N.E.
                        Albuquerque, New Mexico 87110
                        (505) 242-3333 / (505) 242-3322
                        matthewt@whitenerlawfirm.com
                        *Attorneys for Plaintiff*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JUDITH LENZNER,

     Plaintiff,

vs.                                              No. D-202-CV-2017-06451

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Defendants.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALLSTATE FIRE AND CASUALTY COMPANY

TO:    Allstate Fire and Casualty Insurance Company
       c/o New Mexico Department of Insurance
       P.O. Box 1269
       Santa Fe, NM 87504

COMES NOW Plaintiff Judith Lenzner, by and through her attorneys, Whitener Law Firm,

P.A., and pursuant to Rule 1-033 NMRA and LR2-122 NMRA asks Defendant Allstate Fire and

Casualty Insurance Company (hereinafter "Defendant" or "you") to answer the following Interrogato-

ries separately and fully in writing, under oath, to the best of your ability, from knowledge you are able

to obtain from any and all sources available to you, your agents or attorneys, within the time prescribed

by law. If you object to, or refuse to answer, any of the Interrogatories or Requests for Production,

please state in detail the legal and factual basis for such objection, or refusal to respond.

### INTERROGATORIES

**INTERROGATORY NO. 1**: Please state the name, address, telephone number, position

with Allstate Fire and Casualty Insurance Company of any and all persons contributing to, answering

or supplying information contained in the answers or responses to the following Interrogatories and

Request for Production, and specify to which answer or response they contributed, answered or supplied information.

    **ANSWER:**

    **INTERROGATORY NO. 2**: Please describe in detail the date and substance of each communication between Defendant Allstate Fire and Casualty Insurance Company and/or Plaintiff's representatives regarding the accident of February 3, 2016 (hereinafter "the subject incident"), to the present. For each communication, please describe the type of communication, whether verbal or written, and a brief synopsis of the substance of each communication.

    **ANSWER:**

    **INTERROGATORY NO. 3**: Please describe in detail the date and substance of each communication between Defendant Allstate Fire and Casualty Insurance Company and/or its agents and any witness interviewed from the date of the subject incident to the present. For each communication please describe, the type of communication, whether phone call or correspondence, and a brief synopsis of the substance of each communication.

    **ANSWER:**

    **INTERROGATORY NO. 4**: Describe all payments made by Allstate Fire and Casualty Insurance Company and/or its agents stemming from the subject incident, including amounts paid, reason for payment, and identify the individual receiving the same.

    **ANSWER:**

    **INTERROGATORY NO. 5**: Please describe each and every step that was taken by Allstate Fire and Casualty Insurance Company or its agents in the investigation of the subject incident, and for each step please list the dates, and person(s) involved.

2

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify and list each date on which reserves were set or changed for Judith Lenzner's uninsured motorist (hereinafter "UM") claim, and for each such date state the following information: the amount of the reserves, who set the reserves, and the basis for the setting of such reserves.

**ANSWER:**

**INTERROGATORY NO. 7:** List all documents reviewed in responding to Plaintiff's Request for Production.

**ANSWER:**

**INTERROGATORY NO. 8:** Do you, your agents or attorneys have knowledge of any statements, written or recorded, or any other writing from any witness to this case, including parties to this action? If so, list the names and addresses of each person who gave such a statement, the person to whom such statements were given, the date each such statement was made and the person or persons who have possession or custody of the statement.

**ANSWER:**

**INTERROGATORY NO. 9:** Do you, your agents or attorneys know of or have any photographs, graphs, diagrams or drawings relating to the subject incident? If so state the names and addresses of the persons who took or prepared the same, the dates thereof, the contents thereof and the name of the person or persons who have possession or custody of such material.

3

**ANSWER:**

**INTERROGATORY NO. 10** State the names and addresses of all persons whom you believe have or who purport to have any knowledge or information relative to the subject matter of this action and state briefly the nature of such knowledge or information.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify every lay witness you will or may call to testify at trial, including the witness' name and current address; the witness' place of employment and job title; the witness' relationship to any party in this proceeding; the subject matter of the witness' anticipated testimony; and a summary of the witness' anticipated testimony.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify every expert witness you will or may call to testify at trial, including the witness' name and current address; the witness' place of employment and job title; the witness' relationship to any party in this proceeding; the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; and the witness's qualifications to testify as an expert.

**ANSWER:**

**INTERROGATORY NO. 13:** As to each exhibit you may offer into evidence at trial, state: the title of each document; a description of the contents of each document; identify the purpose or any

4

limited purpose for which the document will be offered; and the names, addresses and job titles of any authenticating witnesses or current custodians.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify each denial of a material allegation and each affirmative defense in your pleadings and for each: state all facts upon which you base the denial or affirmative defense, state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; identify all documents and other tangible things which support your denial or affirmative defense, and state the name, address, and telephone number of the person who has each document.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify all documents, including insurance bureau index reports and ISO reports, concerning claims for personal injuries made before or after the incident by the Plaintiff, including for each the source from which it was obtained; the date each claim arose; the nature of each claim; and the name, address, and telephone number of the person who possesses the document.

**ANSWER:**

**INTERROGATORY NO. 16:**   Please identify and list, by date and amount, each settlement offer received by or offered by Allstate Fire and Casualty Insurance regarding Plaintiff's UM claim.

**ANSWER:**

5

**INTERROGATORY NO. 17:**     Please explain the reason(s) for rejecting each settlement offer which was rejected by Allstate Fire and Casualty Insurance Company with respect to Plaintiff's UM claim.

      **ANSWER:**

**INTERROGATORY NO. 18:**     Please state the process used by Defendants to set reserves for Plaintiffs' UM claim, including whether any software such as Collosus, Claims IQ, or any other claim valuation software was used to evaluate Plaintiffs UM claim.

      **ANSWER:**

**INTERROGATORY NO. 19:**     Please list all information that was input into any claims management software such as Collosus, Claims IQ, or any other claim · valuation software with respect to Plaintiffs' UM claim.

      **ANSWER:**

**INTERROGATORY NO. 20:** Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission, provide the following information: the number of the request; all facts upon which you base your response; and the names, addresses, and telephone numbers of all persons who have knowledge of those facts. In addition, for each such response, identify all documents and other tangible things that

6

support your response and state the name address, and telephone number of the person who possesses

the document or thing relied upon.

    **ANSWER:**

**INTERROGATORY NO. 21:** Please state the date when you first hired or retained counsel to

provide advice or representation in this specific matter, and identify the counsel. This request only

seeks disclosure of said date and identification of counsel, and does not seek disclosure of any

privileged communications.

    **ANSWER:**

       **These Interrogatories shall be deemed to be ongoing in the event that the Defendant shall
obtain additional information presently requested between the time of Defendant's initial
response and the trial of this matter.**

                  Respectfully submitted,

                  **WHITENER LAW FIRM, P.A.**

                  Matthew T. Tucker, Esq.
                  4110 Cutler Avenue, N.E.
                  Albuquerque, New Mexico 87110
                  (505) 242-3333 / (505) 242-3322
                  matthewt@whitenerlawfirm.com
                  *Attorneys for Plaintiff*

7

## VERIFICATION

STATE OF_____ )
                           ) ss
COUNTY _____ )

I, _____, being first duly sworn upon oath, depose and state that I am a

duly authorized representative of Defendant Allstate Fire and Casualty Insurance Company in the

above-entitled cause, that I have read the foregoing Answers to Interrogatories and the same are true

and correct to the best of my knowledge, information and belief.

_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2017.

_____
Notary Public

My Commission Expires:

_____

8

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/11/2017 11:12:55 AM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JUDITH LENZNER,

     Plaintiff,

vs.                                                          No.   D-202-CV-2017-06451

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW Plaintiff, by and through her attorneys, Whitener Law Firm, P.A., Matthew T.

Tucker, Esq.) pursuant to Second Judicial District Local Rules, Rule LR2-603, and certifies as follows:

Plaintiff seeks only a money judgment, **EXCEEDING** twenty-five-thousand dollars

($25,000.00), exclusive of punitive damages, interest, costs and attorney fees.

                         Respectfully submitted:

                         **WHITENER LAW FIRM, P.A.**

                         _____

                         Matthew T. Tucker, Esq.
                         *Attorney for Plaintiff*
                         4110 Cutler Avenue N.E.
                         Albuquerque, NM  87110
                         (505) 242-3333/ (505) 242-3322
                         MatthewT@whitenerlawfirm.com

I certify that a copy of the foregoing
was attached to the Complaint
for service upon Defendants.

_____

Matthew T. Tucker, Esq.

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/11/2017 11:12:55 AM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JUDITH LENZNER,

     Plaintiff,

vs.                     No.   D-202-CV-2017-06451

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Defendants.

### COMPLAINT FOR BAD FAITH INSURANCE PRACTICES, UNFAIR CLAIM PRACTICES, UNFAIR TRADE PRACTICES, NEGLIGENCE, NEGLIGENCE *PER SE* AND BREACH OF CONTRACT

COMES NOW Plaintiff Judith Lenzner, by and through her attorney, Whitener Law Firm, P.A. (Matthew T. Tucker, Esq.), and for her Complaint states as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Judith Lenzner ("Judith") has been at all times material hereto a resident of Bernalillo County, New Mexico.

2.     Defendant Allstate Fire and Casualty Insurance Company (hereinafter "Allstate") is a foreign corporation doing business in Bernalillo County, State of New Mexico. Allstate regularly does business in the State of New Mexico through the sale of insurance policies, and derives substantial economic benefit from the sale of those policies. As such, Allstate is subject to personal jurisdiction in the State of New Mexico. Allstate may be served through the New Mexico Department of Insurance.

3.     The incident giving rise to this cause of action occurred in Maricopa County, Arizona.

4.     The Court has jurisdiction over the parties.

5.    The Court has jurisdiction over the subject matter.

6.    Venue is appropriate in this Court.

## FACTUAL ALLEGATIONS AND BACKGROUND

7.    Plaintiff incorporates by reference the foregoing allegations and paragraphs pursuant to Rule 1-10(C) NMRA.

8.    On February 3, 2016, Judith was driving northbound on Interstate 17 in Maricopa County, Arizona, when an air conditioner fell from a vehicle driven by an unknown person, blocking the traffic lane that Judith was traveling in.

9.    The air-conditioning unit on the interstate highway caused a chain collision involving four vehicles, including Plaintiff's vehicle.

10.   Judith's vehicle was disabled and the air bags deployed in the subject collision.

11.   The collision proximately caused physical trauma and injuries to Judith, and she received medical treatment and incurred medical expenses as a proximate result of the subject crash.

12.   As a proximate result of the negligence and negligence *per se* of the unknown motorist, Plaintiff sustained damages including, but not limited to: past and future medical expenses, past and future pain and suffering, loss of enjoyment of life, pre- and post-judgment interest, attorney's fees and costs.

## STATEMENT OF FACTS REGARDING
## FIRST-PARTY CLAIM AGAINST ALLSTATE

13.   Plaintiff incorporates by reference the foregoing paragraphs and allegations pursuant to Rule 1-10(C) NMRA.

14.     At the time of the events which formed the basis of this claim, Allstate maintained an insurance policy titled Policy Number 816 162 199 that provided Uninsured Motorist ("UM") coverage for the vehicle occupied by Judith on the date of the incident.

15.     In compliance with the terms of her policies with Allstate, Judith promptly reported her claim to Allstate, and Allstate assigned claim number 0400879219.

16.     On February 8, 2016, Allstate acknowledged receipt of the letter of representation from Judith's counsel regarding the subject accident.

17.     On May 20, 2016, Allstate provided a declaration page purporting to show that the stackable UM policy limits relating to Claim No. 0400879219 were $50,000. However, Allstate failed to provide a signed waiver or rejection of UM coverage, relating to Judith's second vehicle, that complies with New Mexico law.

18.     The Policy Declarations contain a document stating that Judith had selected "stacked Uninsured Motorists Insurance for Bodily Injury at limits equal to your policy's Bodily Injury Liability Insurance limits of $50,000/$100,000."

19.     Judith incurred medical expenses of approximately $38,367.38 (Thirty-Eight Thousand, Three Hundred and Sixty-Seven Dollars and Thirty-Eight Cents) as a proximate result of the subject accident.

20.     Judith was transported by ambulance from the scene of the crash and incurred charges for emergency medical treatment, on the date of the accident, totaling approximately $35,420.80.

21.     On November 22, 2016, Judith mailed a settlement demand letter to Allstate, enclosing the police report together with all supporting medical records and bills, and offering to settle her claim under her UIM policy with Allstate for the stackable UM policy limits.

22.     On January 4, 2017, Allstate counter-offered to Judith in the amount of $39,787.38.

23.     On January 10, 2017, Judith through counsel sent a letter to Allstate requesting a detailed explanation of the basis of its $39,787.38 offer, which was only about $1,500.00 higher than the medical expenses incurred by Judith as a result of the subject collision.

24.     On January 12, 2017, Allstate replied to Plaintiff's counsel in a fax stating that the offer included general damages evaluated at $6,500.

25.     On or about June 1, 2017, Judith through counsel rejected the $39,787.38 offer and counter-offered to settle her UM claim for $72,500.00.

26.     On or about June 27, 2017, Allstate made its second settlement offer to Judith in the amount of $13,787.38.

## COUNT I - BAD FAITH INSURANCE PRACTICES

27.     Plaintiff incorporates by reference the foregoing allegations and paragraphs pursuant to Rule 1-10(C) NMRA.

28.     There is implied in every New Mexico insurance policy a duty on the part of the insurance company to deal fairly with the policyholder. Fair dealing means to act honestly, in good faith, and lawfully in the performance of the contract. **The insurance company must give equal consideration to its own interests and the interests of the policyholder.**

29.     An insurance company and its employees and/or agents act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous, unfounded, and/or not in compliance with the laws of the State of New Mexico.

30.     New Mexico Jury Instruction 13-1702 states: "A failure to timely 'pay' a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract."

31.    In deciding whether to pay a claim, the insurance company and its employees and/or agents must act reasonably under the circumstances to conduct a timely, fair investigation and evaluation of the claim.

32.    A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

33.    A failure to pay uninsured motorist coverage when a policyholder is entitled to uninsured or uninsured motorist coverage is a breach of the duty to act honesty and in good faith in performance of the insurance contract.

34.    Defendant's failure to give equal consideration to their own interests and the interests of Plaintiff constitutes a breach of its duty of good faith.

35.    Defendant's failure to make timely or reasonable offers regarding the value of Plaintiff's claims is a breach of its duty of good faith and fair dealing.

36.    Defendant's use of dishonest judgment and acting in an intentional, willful, or wanton manner or in reckless disregard for the interests of Plaintiff constitutes a breach of its duty of good faith.

37.    Defendant breached its duties to Plaintiff, and acted in bad faith, by compelling Plaintiff to institute litigation to recover amounts due her as benefits under the UIM coverage of her policy with Allstate.

38.    Defendant breached its duties to its insured, and acted in bad faith, by failing or delaying payment of reasonable compensation for damages and losses Plaintiff suffered as a result of the collision at issue in this case.

39.    Defendant breached its duties to its insured, and acted in bad faith, by incompetently evaluating Plaintiff's claims.

40.     Defendant's failure to pay reasonable compensation for damages incurred by Plaintiff as a result of the collision at issue was unfounded, unreasonable, in violation of New Mexico law, and constitutes a breach of its duty of good faith.

41.     Defendant has intentionally and in bad faith engaged in a practice of wrongful conduct with regard to its coverage positions, including its denial of the claims of Plaintiff, contrary to New Mexico's public policy and the laws of the State of New Mexico.

42.     As a direct and proximate result of the bad faith of Defendant, Plaintiff suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined by the Court at trial, including but not limited to the additional costs of litigation and enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendants.

43.     The acts and failures to act of Defendant as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1 (1977).

44.     The actions of Defendant were willful, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## COUNT II - NEW MEXICO UNFAIR CLAIM PRACTICES

45.     Plaintiff incorporates by reference the foregoing allegations pursuant to Rule 1-10(C), NMRA.

46.     Defendant has denied and delayed payment of UM benefits to Plaintiff without a reasonable basis for its actions.

47.     Defendant has delayed payment to Judith of money she is owed pursuant to the insurance contract.

48. Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant should have previously paid to her.

49. The acts and failures to act of Defendants as enumerated above, constitute unfair claims practices which are illegal pursuant to the New Mexico Unfair Claims Practices Act, NMSA 1978, §59A-16-20 (1984, as amended through 1997).

50. Defendants have knowingly committed or performed with such frequency as to indicate a general business practice through acts and or failures that include but are not limited to the following:

    A.    Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    B.    Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear.

51. Defendant knowingly and willfully engaged in these practices, and has engaged in these practices with such frequency as to indicate that such conduct is Defendant's general business practice.

52. As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined by the Court at trial.

53. The acts and failures to act of Defendant as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

54.     The actions of Defendants were willful, in bad faith and/or fraudulent, entitling
Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## COUNT III - UNFAIR TRADE PRACTICES

55.     Plaintiff incorporates by reference the foregoing allegations pursuant to Rule 1-
10(C), NMRA.

56.     Defendant's acts and failures to act, as enumerated above, constitute unfair and
deceptive trade practices and unconscionable trade practices which are illegal pursuant to the New
Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1, *et. seq*.

57.     Plaintiff was deceived by the unfair and deceptive trade practices and
unconscionable trade practices of Defendant.

58.     Defendant misrepresented the benefits of the policy sold and provided to Plaintiff
and/or failed to disclose material facts reasonably necessary to prevent other statements from being
misleading; failed to implement and follow reasonable standards in the sale and provision of
insurance; failed to provide a reasonable explanation of denial of coverage; and failed to follow
customary insurance industry standards, practices and procedures.

59.     Defendant committed unfair trade practices in the sale and provision of insurance,
including representing that the insurance had benefits or qualities that it did not have; representing
that the insurance was of a particular standard or quality; using ambiguity as to material facts
and/or failing to state material facts which tended to deceive the policyholders; stating that the
transaction involved rights, remedies or obligations that it did not involve; failing to deliver the
quality or quantity of insurance coverage contracted for; and/or failing to follow customary
practices and procedures or insurance industry standards.

60.     These acts and omissions occurred in the regular course of Defendant's trade or commerce, and were of a type that may, tends to, or does deceive or mislead any person.

61.     As a direct and proximate result of Defendant's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined by the Court at trial.

62.     Pursuant to NMSA 1978, § 57-12-10 (2005), the violation of the Unfair Trade Practices Act by Defendants entitles Plaintiff to three times her damages and costs and attorney fees.

63.     The acts and failures to act by Defendants were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling the Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## COUNT IV – NEGLIGENCE

64.     Plaintiff incorporates by reference the foregoing allegations and paragraphs pursuant to Rule 1-10(C) NMRA.

65.     Upon information and belief, Defendant planned, directed and put into operation the conduct and actions that resulted in unjustified delay and/or denial of the UIM coverage claims made by Plaintiff.

66.     Defendant's acts and failures as enumerated above were negligent.

67.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered damages as enumerated herein.

68.     The acts and failures to act by Defendant were willful, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## COUNT V - NEGLIGENCE *PER SE*

69.     The Plaintiff incorporates by reference the foregoing allegations pursuant to Rule 1-10(C), NMRA.

70.     Defendants failed to abide by their statutory duties under the New Mexico Insurance Code, NMSA 1978, §59A-16-1, *et seq.*, and such violations constitute negligence *per se*.

71.     Defendants failed to abide by their statutory duties under the New Mexico Unfair Trade Practices Act, NMSA 1978, §57-12-1, *et. seq.* (1984), and such violations are negligence *per se*.

72.     The aforementioned laws were enacted for the protection of the class of persons which include Plaintiff.

73.     The harm or injury to Plaintiff is the type of harm or injury the New Mexico legislature, through these statutes and ordinances, sought to prevent.

74.     Defendants' violation of these statutes did cause damages to the Plaintiff.

75.     Defendants' violation of these statutes constitutes negligence *per se*.

76.     As a direct and proximate result of the negligence *per se* of Defendants, Plaintiff suffered damages as enumerated herein.

## COUNT VI - BREACH OF CONTRACT

77.     Plaintiff incorporates by reference the foregoing allegations pursuant to Rule 1-10(C) NMRA.

78.     There was a valid, binding contract of insurance between the parties at the time of the collision.

79.     Under the contract of insurance with Allstate, Judith had insurance coverage for the February 3, 2016, collision.

80.     Plaintiff made demand upon Allstate for the insurance coverage which should have been provided to her by Allstate, and Allstate refused to pay Plaintiff amounts due to her under the UM coverage provisions of her policy; therefore, Defendants have breached the contract of insurance.

81.     Plaintiff has been damaged by Allstate's breaches of contract.

82.     Plaintiff is entitled to be compensated by Allstate for all damages she has incurred pursuant to the contract between the parties.

83.     As a direct and proximate result of the breach of contract by Allstate, Plaintiff has suffered damages necessary to restore her to that which was lost by Allstate's breach, including but not limited to incidental damages, consequential damages and reliance damages, all to the damage of Judith in an amount to be determined by the Court at trial.

84.     Allstate's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Judith to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

85.     Allstate's actions were willful, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

Respectfully submitted,

**WHITENER LAW FIRM, P.A.**

Matthew T. Tucker, Esq.
4110 Cutler Avenue, N.E.
Albuquerque, New Mexico 87110
Phone: (505) 242-3333
Fax: (505) 242-3322
Email: matthewt@whitenerlaw.com
*Attorneys for Plaintiff*

| SUMMONS | |
|---|---|
| **Second Judicial District Court**<br>**County of Bernalillo, New Mexico**<br>**400 Lomas Blvd NW**<br>**Albuquerque, NM 87102**<br>**Court Telephone No.: (505) 841-8400** | **Case Number:**   D-202-CV-2017-06451<br><br>**Judge:**          Barela-Shepherd, Denise |
| **Plaintiff: JUDITH LENZNER**<br><br>**v.**<br><br>**Defendant:   ALLSTATE   FIRE   AND**<br>**CASUALTY INSURANCE COMPANY** | **Defendant:**<br>**ALLSTATE   FIRE   AND   CASUALTY**<br>**INSURANCE COMPANY**<br>**c/o Office of Superintendent of Insurance**<br>**P.O. Box 1689**<br>**Santa Fe, NM 87504-1689** |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1.———A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated:  9/14/2017

**WHITENER LAW FIRM, P.A.**

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By:  Cathy Chavez, Deputy

Matthew Matthew T. Tucker, Esq.
4110 Cutler Avenue NE
Albuquerque, New Mexico 87110
(505) 242-3333/Fax (505) 242-3322
Email Address: matthewt@whitenerlawfirm.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO**
**RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

**RETURN**

STATE OF NEW MEXICO )
                         )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, along with a copy of the Complaint and Plaintiff's First Set of Interrogatories and Requests for Production in the following manner:

**(check one box and fill in appropriate blanks)**
[ ]     to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:
[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]     to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

Title *(if any)*

Subscribed and sworn to before me this _____ day of _____ , 2017

_____
Judge, notary or other officer
authorized to administer oaths

My Commission Expires: _____

Official title: _____